UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID WELLS,

      Plaintiff,      Case No.  1:13-cv-183

v.                Honorable Paul L. Maloney

DAVID SAWYER et al.,

      Defendants.

_____/

## **OPINION**

    This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee.  Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c).  The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible.  *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  Applying these standards, Plaintiff's action will be dismissed on the grounds of immunity and failure to state a claim.

**Factual Allegations**

Plaintiff David Wells presently is incarcerated at the Thumb Correctional Facility. He sues the following Defendants: Michigan Court of Appeals (MCOA) Judge David Sawyer; MCOA Chief Clerk Larry Royster; MCOA Staff Attorney Gary Chambon; Michigan Supreme Court (MSC) Assistant Clerk J. Mills; MSC Deputy Clerk Inger Z. Meyer; and MSC Chief Clerk Corbin R. Davis.

Plaintiff alleges that, on June 2, 2011, he filed a state habeas corpus complaint in the Lapeer County Circuit Court, which was denied on June 21, 2011. On March 9, 2012, Plaintiff filed a habeas corpus complaint in the MCOA and applied to proceed *in forma pauperis*. Defendant Chambon sent a letter to Plaintiff on March 14, 2012, instructing him to file a copy of his prisoner account statement to support his request for pauper status. Plaintiff objected, contending that he was entitled to proceed *in forma pauperis* without financial documentation of indigency, based on *Smith v. Bennett*, 365 U.S. 708, 709 (1961). In an order issued June 11, 2012, Defendant Sawyer dismissed the habeas action, citing MICH. COMP. LAWS § 600.2963(1)[1] and (7)[2] and holding that

---

[1] MICH. COMP. LAWS § 600.2963(1) provides as follows:

> If a prisoner under the jurisdiction of the department of corrections submits for filing a civil action as plaintiff in a court of this state or submits for filing an appeal in a civil action in a court of this state and states that he or she is indigent and therefore is unable to pay the filing fee and costs required by law, the prisoner making the claim of indigency shall submit to the court a certified copy of his or her institutional account, showing the current balance in the account and a 12-month history of deposits and withdrawals for the account. The court then shall order the prisoner to pay fees and costs as provided in this section. The court shall suspend the filing of the civil action or appeal until the filing fee or initial partial filing fee ordered under subsection (2) or (3) is received by the court. If the court orders that a prisoner pay a filing fee or partial filing fee, all documents submitted by the prisoner that relate to that action or appeal shall be returned to the prisoner by the court along with 2 certified copies of the court order. An additional certified copy of the court order shall be sent to the department of corrections facility where the prisoner is housed. The prisoner then shall, within 21 days after the date of the court order, resubmit to the court all documents relating to the action or appeal, accompanied by the required filing fee or partial filing fee and 1 certified copy of

*Smith*, 365 U.S. 708, did not prohibit the court from considering financial circumstances before granting pauper status in a habeas corpus action. On June 13, 2012, Plaintiff filed a petition for mandamus in the MSC, seeking an order directing the MCOA to allow him access to the court and properly resolve the merits of his complaint. Defendant Mills sent a letter to Plaintiff dated June 14, 2012, requiring Plaintiff to file a copy of his prisoner account with the MSC to support his request to proceed *in forma pauperis*. Plaintiff filed objections to the characterization of his mandamus action as an application for leave to appeal and to the imposition of financial considerations on his right to access the court. On June 27, 2012, Defendant Meyer signed a letter denying leave to file an application for a writ of superintending control, indicating that only an application for leave to appeal may be filed. Plaintiff filed a request on July 2, 2012, asking the MSC to construe his earlier mandamus action as an application for habeas corpus. On August 21, 2012, Defendant Davis signed an order directing the court to close the file, pursuant to MICH. COMP. LAWS § 600.2963(1).

Plaintiff contends that Defendants have violated his right of access to the courts. He alleges that MICH. COMP. LAWS § 600.2963, by its terms, applies only to civil actions and therefore does not apply to a complaint for habeas corpus that challenges an underlying criminal conviction.

---

the court order. If the filing fee or initial partial filing fee is not received within 21 days after the day on which it was ordered, the court shall not file that action or appeal, and shall return to the plaintiff all documents submitted by the plaintiff that relate to that action or appeal.

[2]MICH. COMP. LAWS § 600.2963(7) states:

For purposes of this section, the fact of a prisoner's incarceration cannot be the sole basis for a determination of indigency. However, this section shall not prohibit a prisoner from commencing a civil action or filing an appeal in a civil action if the prisoner has no assets and no means by which to pay the initial partial filing fee. If the court, pursuant to court rule, waives or suspends the payment of fees and costs in an action described in subsection (1) because the prisoner has no assets and no means by which to pay the initial partial filing fee, the court shall order the fees and costs to be paid by the prisoner in the manner provided in this section when the reason for the waiver or suspension no longer exists.

He therefore contends that he should not be required to provide financial documentation in order to proceed *in forma pauperis*. He also alleges that, as applied and on its face, MICH. COMP. LAWS § 600.2963 unconstitutionally denies indigent prisoners the right to access the courts. He seeks declaratory and injunctive relief, as well as reimbursement of his costs and fees.

## Discussion

### I. Immunity

Plaintiff claims that Judge Sawyer and the remaining Defendants, acting in their capacities as judicial administrative officers of the MCOA and MSC, violated his right of access to the courts. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("[I]t is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of person consequences to himself.") (internal quotations omitted); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction. *Id.* at 12.

Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity. There is no doubt that dismissing Plaintiff's habeas application was a judicial act and that Judge Sawyer was acting within his jurisdiction in issuing the order. Accordingly, Judge Sawyer is absolutely immune from liability. Because Judge Daniels is clearly immune from liability in this case, Plaintiff may not seek monetary relief him. 28 U.S.C. § 1915(e)(2)(B)(iii).

In addition, absolute judicial immunity is extended to non-judicial officers who perform "quasi-judicial" duties. "Quasi-judicial immunity extends to those persons performing tasks so integral or intertwined with the judicial process that these persons are considered an arm of the judicial officer who is immune." *Bush v. Rauch*, 38 F.3d 842 (6th Cir. 1994) (probate court administrator entitled to quasi-judicial immunity for his role in carrying out the orders of the court) (citing *Scruggs v. Moellering*, 870 F.2d 376 (7th Cir. 1989)); *see also Johnson v. Turner*, 125 F.3d 324, 333 (6th Cir. 1997) (one who acts as a judge's designee in carrying out a function for which the judge is immune is also protected from suit seeking monetary damages)); *Foster v. Walsh*, 864 F.2d 416, 417-18 (6th Cir. 1988) (clerk of court was entitled to quasi-judicial immunity for issuing a warrant as directed by the court); *accord Carlton v. Baird*, No. 03-1294, 2003 WL 21920023, at *1 (6th Cir. Aug. 8, 2003) (state court clerk's office employees were entitled to quasi-judicial immunity from state prison inmate's § 1983 claim); *Lyle v. Jackson*, No. 02-1323, 2002 WL 31085181, at *1 (6th Cir. Sept. 17, 2002) (quasi-judicial immunity applied to claims against state court clerks who allegedly failed to provide prisoner with requested copies of previous filings and transcripts); *Bradley v. United States*, 84 F. App'x 492 (6th Cir. 2003) (federal court clerk); *Washington v. Shelby County*, No. 88-6321, 1989 WL 63896 (6th Cir. June 15, 1989) (court reporter is entitled to judicial immunity when acting within the scope of his or her official duties).

The remaining Defendants were clearly acting on behalf of the court when they issued various letters and orders with respect to the cases Plaintiff had filed in the MCOA and MSC. The therefore are entitled to quasi-judicial immunity. Plaintiff may not seek monetary relief from them.

Moreover, injunctive relief is not available under § 1983, because that statute provides that injunctive relief "shall not be granted" in an action against "a judicial officer for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Savoie v. Martin*, 673 F.3d 488, 496 (6th Cir. 2012). Plaintiff does not allege that a declaratory decree was violated or that declaratory relief was unavailable. Consequently, his claim for injunctive relief is barred. *See Coleman v. Gov. of Mich.*, 413 F. App'x 866, 874 (6th Cir. 2011) (holding that judicial officials were entitled to judicial or quasi-judicial immunity from claims seeking legal and equitable relief based on defendants' application of MICH. COMP. LAWS § 600.2963).

II. <u>Failure to state a claim</u>

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting

*Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Even if Defendants were not immune from suit under § 1983, Plaintiff's complaint would be subject to dismissal. First, to the extent that Plaintiff challenges Defendants' conclusion that MICH. COMP. LAWS § 600.2963(1) applies to requests for pauper status in habeas corpus and mandamus actions, he challenges the state courts' interpretation of a Michigan statute. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). Plaintiff's assertion that Defendants violated state law therefore fails to state a claim under § 1983.

Second, to the extent that he raises an as-applied challenge to MICH. COMP. LAWS § 600.2963(1) (which requires prisoners claiming indigency to submit prisoner account statements)

and (7) (which requires indigent prisoners to pay the filing fee when and if they become able to do so, even if they are permitted to proceed *in forma pauperis* at the time of filing) his claim is not cognizable in this action. The federal courts are courts of limited jurisdiction, and Plaintiff has the burden of proving the Court's jurisdiction. *United States v. Horizon Healthcare*, 160 F.3d 326, 329 (6th Cir. 1998). Even where subject matter jurisdiction is not raised by the parties, the Court must consider the issue *sua sponte*. *See City of Kenosha v. Bruno*, 412 U.S. 507, 511 (1973); *Norris v. Schotten*, 146 F.3d 314, 324 (6th Cir. 1998); *Mickler v. Nimishillen & Tuscarawas Ry. Co.*, 13 F.3d 184, 189 (6th Cir. 1993).

This Court lacks subject matter jurisdiction over Plaintiff's as-applied challenge to MICH. COMP. LAWS § 600.2963(1) and (7). *See Howard v. Whitbeck*, 382 F.3d 633, 639-40 (6th Cir. 2004) (affirming the dismissal of an as-applied challenge to MICH. COMP. LAWS § 600.2963). The Supreme Court has held that federal district courts have no authority to review final judgments of state-court judicial proceedings, as jurisdiction to review state-court decisions rests exclusively with the Supreme Court. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Gottfried v. Med. Planning Servs., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). A loser in the state court may not be heard in the federal district court on complaints of injuries by a state-court judgment rendered before the federal proceeding commenced. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-84 (2005). Even constitutional claims that are inextricably intertwined with the state-court decisions are not reviewable. *Feldman*, 460 U.S. at 483 n.16; *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 509-10 (6th Cir. 2000); *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995). A federal claim is inextricably intertwined with the state-court judgment "'if the federal claim succeeds

only to the extent that the state court wrongly decided the issues before it. Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.'" *Peterson Novelties, Inc. v. City of Berkley*, 305 F.3d 386, 391 (6th Cir. 2002) (quoting *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998)) (other internal citations omitted); *see also Hood v. Keller*, 341 F.3d 593, 597 (6th Cir. 2003) (where a party losing in state court seeks to challenge the state-court judgment, the *Rooker-Feldman* doctrine bars federal district court jurisdiction); *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (holding that, under the *Rooker- Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").

      Plaintiff's claims are "inextricably intertwined" with decisions of the state courts because they amount to nothing more nor less than a "prohibited appeal" from the decisions of the Michigan state courts in ordering production of Plaintiff's financial documents and dismissing his appeals or original complaints. *Howard*, 382 F.3d at 639-40 (holding that the *Rooker-Feldman* doctrine bars a Michigan prisoner from challenging the application of MICH. COMP. LAWS § 600.2963 to his appellate proceedings). The recourse available to Plaintiff in response to any adverse state-court decisions was to apply for a writ of *certiorari* to the United States Supreme Court. *See Gottfried*, 142 F.3d at 330 ("[L]ower federal courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments."). Because the *Rooker-Feldman* doctrine clearly precludes a lower

federal court from reviewing state-law decisions, Plaintiff's as-applied challenge is dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine.

Moreover, Plaintiff's facial challenges to MICH. COMP. LAWS § 600.2963(1) and (7) are without merit. Plaintiff alleges that subsection (1) of the statute unconstitutionally requires prisoners to provide evidence of their ability to pay the filing fee, even in cases in which the prisoner challenges his conviction on collateral review. Plaintiff also alleges that subsection (7) impermissibly requires an indigent prisoner to pay the full filing fee as funds become available.

"To succeed in a facial attack on a statute, Plaintiff must establish that no set of circumstances exists under which the statute would be valid . . . or that the statute lacks any plainly legitimate sweep." *United States v. Stevens*, 559 U.S. 460, 130 S. Ct. 1577, 1587 (2010). In *Smith*, 356 U.S. at 713-14, the Supreme Court held that a state violates the Equal Protection Clause when it denies an indigent prisoner the right to file a habeas corpus proceeding on the basis of his inability to pay the filing fee. *Id.* By its express terms, § 2963(7) permits a prisoner who is unable to pay the filing fee or an initial partial filing fee at the time of filing to proceed in his action without first paying that partial filing fee. The mere fact that the prisoner may be required to pay the fee at some time in the future when he has the funds does not in any way discriminate against the prisoner on the basis of his indigency, nor does it deny him access to the courts, as non-indigent persons must pay the filing fee, too. On its face, therefore, § 2863(7) does not impose a constitutional injury. The only injury occurs if a state judge improperly denies a prisoner the right to proceed without prepayment of the filing fee – an as-applied challenge that is barred by the *Rooker-Feldman* doctrine. *See Carney v. Christiansen*, 375 F. App'x 494, 497 n.3 (6th Cir. 2010) ("Inasmuch as the putative injury – i.e., that Carney could be perpetually denied access to the Michigan courts due

to his indigency while incarcerated – could not occur purely as a result of legislative, administrative or ministerial proceedings, but only as the result of discretionary judicial decisions, . . it is apparent that this facial challenge is illusory.") (internal quotations and citations omitted).

Plaintiff's facial challenge to subsection (1) is wholly conclusory and unsupported. The Court is aware of no constitutional impediment to a state-court's requirement that a person claiming indigency must document his financial circumstances. Indeed, this Court similarly requires prisoners who claim indigency – even those seeking habeas corpus relief – to document their financial circumstances by providing copies of their prisoner trust account statements. *See* 28 U.S.C. § 1915(a)(2); W.D. MICH. LCIVR 3.4(a).

In sum, Plaintiff's as-applied and facial challenges to subsections (1) and (7) of section 600.2963 of the Michigan Compiled Laws fail to state a claim.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed on the grounds of immunity and failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:   May 3, 2013              /s/ Paul L. Maloney
                                  Paul L. Maloney
                                  Chief United States District Judge